# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

CHARLES EDEN, )
)
        Plaintiff, )
)
v. ) No. CIV 20-206-RAW
)
KATHY STOKER and )
TERRY INGMIRE, )
)
        Defendants. )

## OPINION AND ORDER

On June 25, 2020, Plaintiff, a pro se prisoner in the custody of the Texas Department of Criminal Justice who is incarcerated at Huntsville, Texas, brought this action under the authority of 42 U.S.C. § 1983 (Dkt. 1). He is seeking release from custody and compensation for the life sentence imposed for his murder conviction in Dallas County Criminal District Court Case No. F-1000123-1. *See* Texas Department of Criminal Justice website at https://offender.tdcj.texas.gov/OffenderSearch/search.action.[1] The defendants are Kathy Stoker, District Attorney, and Terry Ingmire.

Plaintiff alleges that from 2008 to 2010, the defendants lied when they said Plaintiff shot Terry Ingmire. Plaintiff maintains someone else shot Mr. Ingmire. As explained below, however, this Court lacks jurisdiction over this matter and a civil rights complaint is not appropriate for Plaintiff's claims.

---

[1] The Court takes judicial notice of the Texas Department of Criminal Justice website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).

Plaintiff alleges the defendants are located in Enid, Oklahoma,[2] which is in Garfield County, within the territorial jurisdiction of the Western District of Oklahoma. He does not state where the alleged incidents occurred. Nonetheless, proper venue for Plaintiff's § 1983 claims does not lie in this district. Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* When a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought." 28 U.S.C. § 1406(a).

The Court, however, finds it would be futile to transfer this case to the proper court. Plaintiff's request for early release from custody because of an alleged unlawful conviction must be presented in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional incarceration, he first must prove his "conviction or sentence has been reversed on direct

---

[2] The street address Plaintiff lists for Defendants is the Garfield County Jail in Enid.

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). Furthermore, Plaintiff is cautioned that there is a one-year statute of limitations for filing a habeas corpus action. *See* 28 U.S.C. § 2244(d).[3] For the reasons set forth above, this action must be DISMISSED WITHOUT PREJUDICE.

    **ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE.

    **IT IS SO ORDERED** this 10th day of July 2020.

*[signature]*
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[3] The Court notes that Plaintiff's earlier habeas corpus petition pursuant to 28 U.S.C. § 2254 was dismissed with prejudice as time barred in *Eden v. Davis*, No. 3:20-cv-179-S-BN, 2020 WL 1216717 (N.D. Tex. Feb. 18, 2020) (unpublished report and recommendation), *adopted by district court*, 2020 WL 1187172 (Mar. 11, 2020).